FAJARDO SUGAR COMPANY, Petitioner and Appellant, *v.* SOL LUIS DESCARTES, SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 10814, Argued January 26, 1953.—Decided June 30, 1954.

*Franceschi & Sifre* for appellant. *J. B. Fernández Badillo, Acting Attorney General,* and *Juan Pedrosa, Jr., Assistant Attorney General,* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On May 15, 1949, petitioner and appellant, Fajardo Sugar Company, brought to Puerto Rico a portable electric bag piler for its sugar cane factory. It is a sort of a belt conveyor driven by electricity, which picks the bags from the ground, hoists them to a certain height, throws them on the pile where the workers adjust the bags. Petitioner prayed for tax exemption alleging that the bag piler formed part of the machinery of the factory stage of production in the industrial process of its sugar cane factory. The exemption having been denied by the Tax Bureau, petitioner and appellant paid the taxes, prayed for recovery and upon denial, appealed to the former Tax Court of Puerto Rico requesting that the Secretary of the Treasury be ordered to refund it the amount paid.

Judge Carlos Santana Becerra, of the former Tax Court of Puerto Rico, decided that since it was machinery not used in the preservation of the industrial product, sugar not being

perishable, it was not covered by the exemption. Against the judgment rendered, petitioner and appellant assigns the following errors: (1) error in holding that the bag piler is not used in the preservation of sugar, (2) error in holding that sugar is not a perishable product within the scope of § 16-B of the applicable law.

The Act involved in the instant case is § 16-B of the Internal Revenue Act of Puerto Rico, as amended by Act No. 195 of May 7, 1949 (Sess. Laws, p. 614) which provides:

"There shall be exempt from the payment of the excises imposed by this Act all apparatus, machinery, or equipment that may be essential for the establishment and operation of industrial plants; *Provided,* That there shall be considered covered by this exemption the sub-units or major features of the said apparatuses, equipment, or machinery that may be necessary to replace other sub-units or to enlarge or improve the equipment, but there shall not be included the sub-units, spare parts, or accessories of the machinery or of the sub-unit whose 'Cost in Puerto Rico' per individual unit may be less than twenty (20) dollars; *Provided finally, likewise,* That this being an exemption which covers the essential machinery for the establishment of industrial plants, *it shall be construed as applicable only to the machinery of the factory stage of production of the industrial process,* having to do with raw materials from the beginning of the manufacturing process until the completion thereof, *but also including the machinery,* trucks, or hoisting units exclusively and permanently used in the transportation of raw material and semiprocessed articles on the premises of the *industrial* plant, *as well as the equipment used in the packing and labeling of the product and in the preservation of the latter* or of the raw material in the case of perishable articles; but it shall not cover the machinery, apparatuses, equipment, or vehicles used in the administrative, distributional or commercial stage of the industry."

The provision which we shall examine, and which was incorporated for the first time in § 16-B by Act 195 of May 7, 1949, establishes that the machinery exempted shall in-

clude that employed in the *preservation* of the product or of the raw material in the case of *perishable* articles.

Petitioner-appellant alleges that the provision of law exempting "the equipment used in the packing and labeling of the product and in the preservation of the latter . . . in the case of perishable articles" may also include the aforesaid electric bag piler, since this is employed in the *preservation* of sugar after it has been processed. Respondent-appellee, on the contrary, alleges that the term "preservation" should be construed as that phase of the industrial process forming part of the manufacture of the product.

Respondent-appellee is correct. Broadly speaking, the exemption covers all machinery at the factory stage of the industrial process which is different from the machinery employed for the administrative, distributional or commercial stage of the industry. The term "preservation" is employed as forming part of the industrial process, either to prepare the raw material to be manufactured, or to save the product already manufactured from the adverse effects of rancidness, moulding, fermentation, corrosion or putrefaction by the artificial process of curing, stamping, refrigeration or the use of preservatives recognized by the industrial chemistry, without which the use of the manufactured products would not be possible, and therefore would not be included within the industrial process. See *Francis* v. *Tax Court*, 74 P.R.R. 18, 25.

If we examine the Act closely we realize that preservation is connected with the perishable nature of the product. When the product is not perishable in itself, that is, when it does not have to be *preserved* to be regarded as wholly processed, exemption does not apply. It applies in cases of machinery or equipment used in preparing the raw material to be manufactured or of machinery or equipment used to preserve the product in the course of its manufacturing process.

Without need of accepting in all its implications the naturalist theory that anything is perishable which carries within itself the germs of self-destruction, or the rationalist theory that anything is perishable that sooner or later may be destroyed by the action of primary elements, we can not consider sugar as a perishable article. On the contrary, sugar is one of the preservatives employed in the industrial process for the purpose of using some raw materials or of preserving some products manufactured for human consumption.

The judgment appealed from will be affirmed.

Mr. Justice Sifre did not participate herein.